UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON STEWARD, JR.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. SOTO,<br><br>　　　　Respondent. | Case No.: 1:15-cv-00288-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on January 28, 2015.[1] A preliminary review of the petition, however, reveals that the may be untimely and should therefore be dismissed.

---

[1] In Houston v. Lack, the United States Supreme Court held a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Id., 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit applies the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the statute of limitation. Petitioner signed the instant petition on January 28, 2015. (Doc. 1, p. 8). Although the date listed on the petition is "January 28, **2014**," the Court assumes this is an error and that the petition was transmitted to prison officials on January 28, 2015, since the petition includes the California Supreme Court's denial of Petitioner's habeas petition, which is dated January 14, **2015**. (Doc. 1, p. 9).

1

# DISCUSSION

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on January 28, 2015, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on December 3, 1999. (Doc. 1, p. 2). Petitioner states that he did not file an appeal. (Id., pp. 203). California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal from his December 3, 1999 conviction, his direct review concluded on February 1, 2000, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on February 2, 2000, and Petitioner had one year from that date, or until February 1, 2001, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on January 28, 2015, almost fourteen years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531

3

U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino v. Galaza, 183 F.3d 1003, 1006-1007 (9th Cir. 1999); Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed only one state habeas petition, which was filed in the California Supreme Court on October 14, 2014, and denied on January 14, 2015.  (Doc. 1, p. 4). [2]

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. The Court has accessed said website and ascertained the date of filing and denial of Petitioner's habeas petition in case no. S221827.

However, Petitioner is not entitled to any statutory tolling for the pendency of this state petition since it was filed many years after the one-year period had expired.  A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir. 2001);  see <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Ferguson v. Palmateer</u>, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Here, as mentioned, the limitations period expired on February 1, 2001, more than thirteen years *before* Petitioner filed his first state habeas petition on October 14, 2014. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

    D.   <u>Equitable Tolling</u>.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See <u>Holland v. Florida</u>, 560 U.S. 631, 651-52, 130 S.Ct. 2549, 2561 (2010); <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland</u>, 560 U.S. at 651-52; <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." <u>Miles</u>, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is not

entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.  The petition does allude to the facts that (1) the trial judge should have dismissed one of the prior "strikes" because two of Petitioner's predicate strikes arose out of the same case, and (2) Petitioner's counsel was incompetent and should have discovered that fact at sentencing.  Holland v. Florida, 130 S.Ct. 2549, 2010 WL 2346549 at *13-14 (June 14, 2010).

A petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period.  Holland v. Florida, 130 S.Ct. 2549, 2010 WL 2346549 at *13-14 (June 14, 2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  However, attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling.  Spitsyn, 345 F.3d at 801.  In Spitsyn, the attorney was retained a full year in advance of the deadline, but completely failed to prepare or file a petition even though the attorney was repeatedly contacted by both the client and the client's mother, and a grievance was filed with the state bar association complaining about the lack of response.  Also, despite a letter terminating the representation and requesting the file, the file was not turned over until two months after the expiration of the filing deadline.  The conduct was held to be sufficiently egregious to warrant equitable tolling.  Id. at 798, 801.  It was still necessary, however, that the petitioner act with reasonable diligence.  Id. at 802.

Here, Petitioner permitted over a decade to elapse before pursuing his rights in these proceedings.  Even assuming, arguendo, that trial counsel was grossly negligent in failing to secure dismissal of one of the predicate strikes, an assumption that is highly unlikely, Petitioner has failed to show the requisite diligence in pursuing his rights to avail himself of that avenue to equitable tolling.  Accordingly, the Court preliminary review of the petition indicates that it should be dismissed as

6

untimely. However, pursuant to the Ninth Circuit's mandate, Petitioner will be permitted thirty days within which to respond to this Order to Show Cause, and provide any additional evidence or arguments as to why the petition should be deemed timely.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within 30 days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **February 26, 2015**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE